UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTIE L. RABORN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2969** |
| **CON-WAY TRUCKLOAD, INC.,**<br>**ET AL.,**<br>    **Defendants** | **SECTION: "E"(2)** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Kristie L. Raborn.[1] Defendant Con-Way Truckload, Inc. ("Con-Way"), opposes the motion.[2] The parties have briefed the remand issue extensively.[3] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons stated herein, the motion to remand is **DENIED**.

### BACKGROUND

On June 30, 2015, Raborn filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa against Defendants Con-Way, Gustavo J. Rivera, and State Farm Mutual Automobile Insurance Company.[4] Raborn alleged injuries and damages arising out of an automobile accident that occurred on August 15, 2014, when a commercial tractor-trailer driven by Rivera and owned by Con-Way rear-ended Raborn's vehicle on Highway 51 in Hammond, Louisiana.[5] According to Raborn, she suffered "severe and permanent personal injuries to her head, neck, back, wrist and other anatomy which caused . . . physical and mental pain, suffering, and disability."[6]

---

[1] R. Doc. 4.
[2] R. Doc. 8.
[3] *See* R. Docs. 4, 8, 12, 15.
[4] R. Doc. 1-5 at 1.
[5] R. Doc. 1-5 at 2.
[6] R. Doc. 1-5 at 3.

1

On July 27, 2015, Con-Way filed a Notice of Removal, arguing that this Court has diversity subject-matter jurisdiction over the action under 28 U.S.C. § 1332.[7] Con-Way noted that complete diversity of citizenship is present, as Raborn is a citizen and domiciliary of Louisiana and Con-Way is a foreign corporation incorporated under the laws of Missouri with its principal place of business in Joplin, Missouri.[8] Further, Defendant Rivera is a citizen and domiciliary of the State of Florida, and State Farm is a foreign corporation incorporated under the laws of Illinois with its principal place of business in Illinois.[9] As such, for purposes of diversity of citizenship, Raborn is a citizen of Louisiana and is diverse from each defendant—Con-Way is a citizen of Missouri, Rivera is a citizen of Florida, and State Farm is a citizen of Illinois.[10]

Con-Way further argued in the Notice of Removal that the requisite $75,000 amount-in-controversy requirement of Section 1332 is satisfied.[11] In particular, Con-Way asserted "it is facially apparent that the amount in controversy exceeds $75,000," citing several justifications—(1) the alleged severity of Raborn's injuries; (2) the multiple categories of damages sought; (3) Raborn's pre-suit settlement demand; and (4) Raborn's failure to certify that the amount sought was less than $75,000.[12]

On August 24, 2015, Raborn filed the present motion to remand.[13] Raborn does not contest the presence of complete diversity of citizenship.[14] Rather, Raborn challenges whether the amount-in-controversy requirement is satisfied, arguing Con-Way did not meet its burden of proof "by providing a preponderance of the evidence

---

[7] R. Doc. 1. At the time the Notice of Removal was filed, neither Rivera nor State Farm had been served by Raborn. *See* R. Doc. 1 at 3. Thus, Rivera and State Farm were not required to consent to the removal of the action to federal court. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).
[8] R. Doc. 1 at 2.
[9] R. Doc. 1 at 2–3.
[10] *See* R. Doc. 1 at 2–3.
[11] R. Doc. 1 at 3–6.
[12] R. Doc. 1 at 7.
[13] R. Doc. 4.
[14] *See generally* R. Doc. 4-1.

that the amount in controversy will satisfy the jurisdictional threshold of $75,000."[15] It is this motion to remand that is presently before the Court.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[16] Federal law allows for state civil suits to be removed to federal courts in certain instances.[17] Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[18]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[19] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.[20]

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[21] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[22] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the

---

[15] R. Doc. 4-1 at 6.
[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[17] *See* 28 U.S.C. § 1441.
[18] 28 U.S.C. § 1441(a).
[19] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[21] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno*, 276 F.3d at 723.
[22] *See* LA. CODE CIV. PROC. art. 893.

$75,000 jurisdictional amount at the time of removal.[23] The removing defendant may meet its burden in one of two ways, either—(1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount was in controversy.[24]

## ANALYSIS

In the motion to remand, Raborn contends Con-Way did not satisfy its burden on removal, because Con-Way failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.[25] Con-Way disagrees, pointing to several factors identified in its Notice of Removal that, according to Con-Way, prove the amount in controversy exceeds $75,000. These factors include: (1) the severity of Raborn's alleged injuries; (2) the multiple categories of damages sought; (3) Raborn's pre-suit settlement demand; and (4) Raborn's failure to certify that the amount sought was less than $75,000, pursuant to Louisiana Code of Civil Procedure article 863.[26] For the following reasons, the Court finds the amount-in-controversy requirement satisfied and rules for Con-Way, denying Raborn's motion.

I.   *Facially Apparent*

In this case, it is facially apparent from Raborn's petition that the amount-in-controversy exceeds $75,000. In the petition, Raborn alleges that, as a result of the accident, she sustained "severe and permanent personal injuries to her head, neck, back,

---

[23] *See id.*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.
[24] *Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298. *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).
[25] *See generally* R. Doc. 4-1.
[26] *See* R. Doc. 8 at 3.

4

wrist and other anatomy."[27] Raborn seeks damages for the following—(1) medical and related expenses (past and future); (2) mental and physical pain and suffering (past and future); (3) loss of enjoyment of life; (4) loss of wages (past and future); (5) disability; (6) out-of-pocket expenses; and (7) any other items to be proven at trial.[28]

The Court finds that these damages, if proven, would likely exceed $75,000. According to Raborn, the motor-vehicle accident was "violent" and inflicted "severe" and "permanent" injuries to several parts of her body.[29] Moreover, Raborn's prayer for damages is extensive and includes several different categories of damages.[30] Courts in this circuit have consistently held that such prayers for damages—namely, those for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability—are sufficient to infer the jurisdictional amount is satisfied.[31]

II.   *Summary-Judgment Type Evidence*

Con-Way has also submitted summary-judgment type evidence, which further supports the Court's conclusion that the amount in controversy exceeds $75,000. On April 24, 2015, Raborn executed a settlement-demand letter, which Con-Way attached to its memorandum in opposition to Raborn's motion to remand.[32] In the letter, Raborn made a demand of $256,005 to settle the case in full, noting that Con-Way's exposure at trial could "easily exceed $500,000.00."[33]

---

[27] *See* R. Doc. 1-5 at 3.
[28] R. Doc. 1-5 at 4.
[29] R. Doc. 1-5 at 2, 3.
[30] R. Doc. 1-5 at 2–4.
[31] *See, e.g.*, *Tobin v. Laboratory Corp. of Am.*, No. 15-1731, 2015 WL 4478072, *3 (E.D. La. July 22, 2015); *Cooper v. Icon Health and Fitness, Inc.*, No. 11-152, 2011 WL 2669455, at *3–4 (E.D. La. July 7, 2011); *James v. Home Depot USA, Inc.*, No. 02-01008, 2002 WL 1453824, at *2 (E.D. La. July 3, 2002); *Tauzier v. Dodge*, No. 97-2444, 1998 WL 227170, at *1 (E.D. La. May 5, 1998).
[32] R. Doc. 8-1 at 3.
[33] R. Doc. 8-1 at 3, 7.

5

Con-Way argues that Raborn's settlement-demand letter further supports its assertions that the amount-in-controversy requirement is satisfied.[34] In support, Con-Way cites several cases from this district in which courts have looked to settlement-demand letters as "relevant evidence" when assessing the amount in controversy.[35] Similarly, after conducting its own research, the Court is aware of other decisions in which courts have held that pre-petition settlement demand letters amount to "relevant summary-judgment type evidence of the amount in controversy."[36] Accordingly, the Court finds that Raborn's settlement-demand letter, in which Raborn demanded $256,005 to settle her claims, is competent summary-judgment type evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.

III.  *Other Considerations*

Con-Way also notes that Raborn failed, in her state-court pleadings, to include a stipulation limiting her damages to an amount below $75,000 in accordance with Louisiana Code of Civil Procedure article 893.[37] In particular, Con-Way points out that Raborn did include an allegation that her damages exceed the $50,000 threshold for a jury trial in Louisiana state court, but Raborn did not stipulate that her damages fall

---

[34] R. Doc. 8 at 10–11.
[35] R. Doc. 8 at 10–11. *See Marullo v. Dollar General Corp.*, No. 2:14-cv-01131, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014) ("A number of district court decisions within the Fifth Circuit have looked to settlement demand letters as 'relevant evidence' of the amount in controversy."); *see also Creppel v. Fred's Stores of Tenn.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013); *Cole v. Knowledge Learning Corp.*, No. 09-2760, 2009 WL 1269591, at *3–4 (E.D. La. May 6, 2009); *Clark v. Nestle USA, Inc.*, No. 04-01537, 2004 WL 1661202, at *2 (E.D. La. July 22, 2004); *Carver v. Wal-Mart Stores, Inc.*, No. 08-42-M2, 2008 WL 2050987, at *3–4 (M.D. La. May 13, 2008); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (noting that a settlement-demand letter is "valuable evidence to indicate the amount in controversy at the time of removal").
[36] *See, e.g.*, *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014); *Johnson v. Macy's Dep't Store*, No. 14-226-JWD-RLB, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014); *Broussard v. Celebration Station Prop., Inc.*, No. 13-531-JJB-RLB, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014); *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) (citations omitted) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount [in] controversy.").
[37] *See, e.g.*, R. Doc. 8 at 9.

short of the $75,000 federal jurisdiction benchmark.[38] Con-Way contends Raborn's failure to include such a stipulation is further evidence that the amount in controversy exceeds $75,000.[39]

Louisiana Code of Civil Procedure article 893 provides that "if a specific amount of damages is necessary to establish the jurisdiction of the court, . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required."[40] The Fifth Circuit has not directly addressed whether the omission of an article 893 stipulation is dispositive evidence of the amount in controversy.[41] However, all three district courts within Louisiana have addressed the issue, noting that, although the omission is not dispositive, a party's failure to include an article 893 stipulation is worthy of, at least, some consideration in the jurisdictional amount inquiry.[42] In this case, Raborn did not include an article 893 stipulation in her state court pleadings. The Court finds this omission, along with the allegations and damages sought by Raborn in her pleadings, and the summary-judgment type evidence submitted by Con-Way, sufficient to establish that the amount in controversy exceeds $75,000.

## **CONCLUSION**

For the reasons stated above, the Court finds the amount in controversy exceeds $75,000. It is facially apparent from Raborn's state-court pleadings that this matter's amount in controversy exceeds $75,000. Moreover, Con-Way has submitted summary-

---

[38] R. Doc. 1-5 at 1; *see also* R. Doc. 8 at 9.
[39] R. Doc. 1 at 3–4, 7; R. Doc. 8 at 8–9.
[40] LA. CODE. CIV. P. art. 893.
[41] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).
[42] *See, e.g.*, *Courville v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-01221, 2015 WL 4730124, at *1–2 (W.D. La. Aug. 10, 2015); *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011); *Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009);

judgment type evidence in Raborn's settlement-demand letter, which further supports the finding that the amount-in-controversy requirement is satisfied. Raborn's failure to include an article 893 stipulation also tends to show the amount in controversy exceeds $75,000.

In addition, the parties do not dispute that complete diversity of citizenship is present under Section 1332. Thus, both requirements of Section 1332—(1) complete diversity; and (2) the amount in controversy—are satisfied in this case. Federal jurisdiction is proper.

Accordingly;

**IT IS ORDERED** that Raborn's motion to remand is **DENIED.**

**New Orleans, Louisiana, this 3rd day of November, 2015.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**