## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTIE L. RABORN,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 15-2969** |
| | |
| **CON-WAY TRUCKLOAD, INC.,** | **SECTION: "E"(2)** |
| **ET AL.,** | |
| **Defendants** | |

## ORDER AND REASONS

Before the court is a motion for partial summary judgment filed by Plaintiff, Kristie L. Raborn.[1] Defendant Con-way Truckload, Inc. ("Con-way") opposes this motion.[2] For the reasons that follow, Plaintiff's motion[3] is **DENIED**.

## BACKGROUND

On June 30, 2015, Raborn filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa against Defendants Con-Way, Gustavo J. Rivera, and State Farm Mutual Automobile Insurance Company.[4] Raborn alleged injuries and damages arising out of an automobile accident that occurred on August 15, 2014, when a commercial tractor-trailer driven by Rivera and owned by Con-Way rear-ended Raborn's vehicle on Highway 51 in Hammond, Louisiana.[5] According to Raborn, she suffered "severe and permanent personal injuries to her head, neck, back, wrist and other anatomy which caused . . . physical and mental pain, suffering, and disability."[6]

---

[1] R. Doc. 40.
[2] R. Doc. 42. As Plaintiff explains in her motion for partial summary judgment, Defendant Con-way has no knowledge of Mr. Rivera's whereabouts. R. Doc. 40-1, at 1.
[3] R. Doc. 40.
[4] R. Doc. 1-5 at 1.
[5] R. Doc. 1-5 at 2.
[6] R. Doc. 1-5 at 3.

On November 15, 2016, Raborn filed her motion for partial summary judgment.[7] Raborn seeks partial summary judgment as to the following: 1) at the time of the accident at issue, Defendant Rivera was an employee of Defendant Con-way; 2) at the time of the accident, Defendant Rivera was acting within the course and scope of his employment with Defendant Con-way; and 3) Defendant Rivera's negligence was the sole cause of the motor vehicle accident.[8]

On November 22, 2016, Defendant Con-way filed an opposition to the Plaintiff's motion.[9] Con-way argues Plaintiff has offered no evidence to support her motion for partial summary judgment.[10]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[7] R. Doc. 40.

[8] *Id.* at 1.

[9] R. Doc. 42.

[10] *Id.* at 1. Defendant Con-way only addresses the first to parts of Plaintiff's motion, whether Defendant Rivera was Con-way's employee at the time and whether Defendant Rivera was acting within the course and scope of his employment at the time of the accident. R. Doc. 42, at 2. Defendant Con-way does not contest whether Defendant Rivera's negligence was the sole cause of the accident.

[11] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) affirmatively demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the

---

[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[17] *Celotex*, 477 U.S. at 322–24 (Brennan, J., dissenting).
[18] *Id.* at 331–32.
[19] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[21] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[22] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[23]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

---

[20] *Celotex*, 477 U.S. at 332–33.
[21] *Id.*
[22] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[23] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.
[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

## ANALYSIS

Defendant Con-way argues Raborn has offered no evidence that Defendant Gustao Rivera was an employee of Con-way at the time of the accident, or that Mr. Rivera was acting in the course and scope of his employment at the time of the accident.[25] Federal Rule of Civil Procedure 56(c)(1) provides, in part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[26]

As Defendant Con-way correctly identifies, "Because Plaintiff has not cited any materials in the record or offered competent evidence that Mr. Rivera was a Con-way employee as of August, 15, 2014 or that he was in the course and scope of his employment on that date, she has failed to meet her summary judgment burden with respect to either of those issues."[27] The Court finds Plaintiff's allegations that Defendant "cannot deny" Mr. Rivera was an employee and in the course and scope of his employment during the time of the accident[28] are clearly insufficient to satisfy her summary judgment burden.

---

[25] R. Doc. 42, at 1-2.
[26] FED. R. CIV. P. 56(c)(1). *See also* R. Doc. 25, at 3-4 (explaining the Court's requirements regarding dispositive motions).
[27] R. Doc. 42, at 2.
[28] R. Doc. 40-1, at 2.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment[29] is **DENIED.**

New Orleans, Louisiana, this 28th day of November, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 40. The Court finds that although it was not directly opposed, the Plaintiff has also failed to substantiate her claim that Mr. Rivera's negligence was the sole cause of the accident in question.