## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTIE L. RABORN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2969** |
| **CON-WAY TRUCKLOAD, INC.,**<br>**ET AL.,**<br>    **Defendants** | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the court is a motion *in limine* filed by Defendant, Con-way Truckload, Inc. ("Con-way").[1] Plaintiff, Kristie Raborn, opposes this motion.[2]

## BACKGROUND

On November 15, 2016, Con-Way filed a motion *in limine* to exclude testimony or other evidence regarding the care and maintenance budget prepared by Dr. James T. Tran.[3] According to Con-Way, Dr. Tran's "Care and Maintenance Budget" ("Budget") purports to be a five-year budget for the period of 2015-2020 for Plaintiff's future medical treatment.[4] Con-way argues this Budget, and any testimony regarding its contents, should be excluded at trial (1) because Dr. Tran is neither a certified life-care planner nor a vocational rehabilitation specialist and, as a result, he is not qualified to give such opinions under Rules 702 and 703 of the Federal Rules of Evidence, and (2) because the testimony is speculative as Dr. Tran admits in his deposition that he does not know whether Plaintiff will require much of the treatment included therein.[5] Con-way also

---

[1] R. Doc. 37.
[2] R. Doc. 46.
[3] R. Doc. 37.
[4] R. Doc. 37-1, at 2.
[5] *Id.* at 5.

1

argues this evidence should be excluded pursuant to Federal Rule of Evidence 403 because "any probative value of the Budget or its contents is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[6]

## LAW AND ANALYSIS

### I. Is Dr. Tran Qualified to Give the Testimony?

Dr. Tran is neither a certified life-care planner nor a vocational rehabilitation specialist. Con-way argues Dr. Tran's Budget should be excluded because he is not qualified to offer opinions about Plaintiff's future care and maintenance.[7]

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[8]

Rule 703 provides: "An expert may base an opinion on facts or data in the case that an expert has been made aware of or personally observed."[9] Rule 703 continues:

> If experts in the particular field would reasonably rely on these kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.[10]

---

[6] *Id.*
[7] *Id.*
[8] FED. R. EVID. 702.
[9] FED. R. EVID. 703.
[10] *Id.* Although Con-way argues Dr. Tran's Budget should does not meet the standards set forth in Rules 702 or 703, the Court finds Con-way's arguments are best considered under a Rule 702 analysis.

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[11] provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[12] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[13]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[14] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[15] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[16]

The Supreme Court has cautioned that the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[17] Thus, "not every *Daubert* factor will be applicable in every situation . . . and

---

[11] 509 U.S. 579 (1993).
[12] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert*, 509 U.S. at 592–93).
[13] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[14] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[15] *Daubert*, 509 U.S. at 592–96.
[16] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[17] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

a court has discretion to consider other factors it deems relevant."[18] The district court is offered broad latitude in making expert testimony determinations.[19]

Ordinarily, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[20] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[21] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[22] The Court is not concerned with whether the opinion is correct but whether the preponderance of the evidence establishes that the opinion is reliable.[23] "It is the role of the adversarial system, not the court, to highlight weak evidence."[24]

In support of its argument, Con-way quotes *Hunt v. McNeil Consumer Healthcare*, for the proposition that, "The Fifth Circuit has held that to qualify as an expert, the witness must have such knowledge or expertise in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth."[25] In *Hunt*, however, the court further explained, "An expert witness is not strictly confined to his area of practice, but may testify concerning related applications."[26] In fact, the *Hunt* court found the plaintiff's expert, a burn surgeon, to be sufficiently qualified to evaluate the

---

[18] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[19] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[20] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[21] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[22] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[23] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[24] *Primrose*, 382 F.3d at 562.
[25] R. Doc. 37-1, at 5 (quoting *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 276 (E.D. La. 2014) (internal quotations omitted)).
[26] *Hunt*, 297 F.R.D. at 276 (quoting *United States v. Wen Chyu Liu*, 716 F.3d 159, 168-69 (5th Cir. 2013)).

injuries suffered by the plaintiff and allowed the surgeon to testify as to his assessment of plaintiff's injuries and future medical expenses incurred as a result of future medical care.[27]

The Court finds Dr. Tran, as Ms. Raborn's treating neurosurgeon, is qualified to provide testimony regarding the future medical needs of Ms. Raborn. Dr. Tran's testimony will not be excluded on this basis.

## II. Is the Testimony re Future Medical Expenses Too Speculative?

Con-Way argues that Dr. Tran's testimony should be excluded because it is not more probable than not that these expenses will be incurred. Con-way cites to portions of Dr. Tran's deposition arguing that he admits much of the treatment included in the Budget is mere speculation and "an estimate."[28]

Under Louisiana law, in order to recover damages for future medical expenses, a plaintiff "must show it is more probable than not that future medical expenses will be incurred."[29] The plaintiff must also "establish the amount of the award," for future medical expenses, "with some certainty."[30] Nevertheless, the Supreme Court of Louisiana has recognized that "it is well acknowledged an award for future medical expenses is in great measure highly speculative and not susceptible to calculation with mathematical certainty."[31] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and

---

[27] *Id.*
[28] R. Doc. 37-1, at 3.
[29] *Hayes v. Clark*, 2003-272 (La.App. 3 Cir. 10/1/93); 866 So. 2d 251, 254-55, *writ denied*, 2004-0924 (La. 6/4/04), 876 So. 2d 83.
[30] *Earls v. MedTec Ambulance Corp.*, No. CIV.A. 11-398, 2012 WL 4563342, at *2 (E.D. La. Sept. 28, 2012).
[31] *Menard v. Lafayette Ins. Co.*, 2009-1869 (La. 3/16/10), 31 So. 3d 996, 1006 (citing *Highlands Ins. Co. v. Missouri Pacific R. Co.*, 532 So. 2d 317, 324 (La.App. 3d Cir. 1988)).

should be left for the jury's consideration."[32] "Indeed, it is 'the role of the adversarial system, not the court, to highlight weak evidence.'"[33]

Courts within this district have found treatments that might be necessary, depending on the result of prior treatments, may be considered in the calculation of future medical expenses.[34] This evidence is admissible but must be based on evidence demonstrating the treatment that the Plaintiff will probably need, not simply the treatment that she might need.[35]

The Court finds that Dr. Tran's testimony with respect to future medical expenses is admissible under this standard.

The Court does note that Dr. Tran's chart covers expenses from 2015 through 2020. The trial of this case is scheduled for January 2017. Dr. Tran will be allowed to testify as to Ms. Raborn's future medical needs and the cost of those services only to the extent those services are included in the chart and are expected to be incurred after the trial of the case through the through the end of 2020. Furthermore, Dr. Tran will be allowed to testify with respect to future medical expenses only after laying a foundation for the basis of his opinions.

### III. Is the Probative Value of the Evidence Outweighed by Risk of Undue Prejudice

Con-way argues Dr. Tran's testimony about future medical needs and costs should be excluded pursuant to Federal Rule of Evidence 403 because "any probative value of the

---

[32] *Anders v. Hercules Offshore Services, LLC*, 311 F.R.D. 161, 165 (E.D. La. 2015) (citations omitted).
[33] *Id.* (quoting *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004)).
[34] *See, e.g., id.*
[35] *See id.* (citing *Boudreaux v. Ace American Ins. Co.*, CIV.A. 11-1213, 2013 WL 1288633, (E.D.La. Mar. 26, 2013)).

Budget or its contents is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[36]

Rule 403 of the Federal Rules of Evidence provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."[37] The Fifth Circuit has cautioned "because it permits a trial court to exclude concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly."[38] As the Fifth Circuit noted in *United States v. McRae*:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance.[39]

Although the rule is to be used sparingly, "A district court has broad discretion in assessing admissibility under Rule 403."[40]

The Court finds the testimony or evidence to be offered at trial by Dr. Tran, as limited herein, will be helpful to the jury and that its probative value is not outweighed by the risk of undue prejudice. As a result, his testimony is not excluded under Rule 403 of the Federal Rules of Evidence.

---

[36] R. Doc. 37-1, at 2.
[37] FED. R. EVID. 403.
[38] *United States v. Thevis*, 665 F.2d 616, 633 (5th Cir. 1982).
[39] *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).
[40] *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996).

## CONCLUSION

**IT IS ORDERED** that Con-way's motion *in limine*[41] is **DENIED**.

**New Orleans, Louisiana, this 1st day of December, 2016.**

```
                _____
                      SUSIE MORGAN
                UNITED STATES DISTRICT JUDGE
```

---

[41] R. Doc. 37.